UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-MC-177-____-____

In RE: SUBPOENA ISSUED TO )
BANK OF AMERICA CORPORATION )
)

--in—

CENTRIFY CORPORATION )
) **Pending in the Northern District**
Plaintiff, ) **of California,**
) **Case No. 10-3873-CW**
v. )
)
QUEST SOFTWARE, INC. )
)
)
Defendant. )
)

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c), Quest Software, Inc. moves the Court for a protective order preventing Centrify Corp. from taking the deposition of Bank of America. Without permission from the Northern District of California Court, Centrify issued a subpoena to Bank of America more than <u>two months</u> after fact discovery in the underlying litigation closed. Quest would be unfairly prejudiced if this Court allows Centrify to take the deposition of Bank of America because it would derail the schedule in the underlying case. Opening expert reports

1

are due on November 23, 2011, rebuttal expert reports are due on December 19, 2011, and the dispositive motion deadline is only eight weeks away.

**II.     FACTUAL BACKGROUND**

Centrify filed a complaint against Quest alleging infringement of U.S. Patent No. 7,591,005 on August 31, 2010.  The California Court subsequently entered a Case Management Order that required the parties to complete fact discovery on or before September 1, 2011.  (Ex. 1.)

Bank of America is a Quest customer and user of the software application accused of infringement in the California litigation.  Centrify issued a first subpoena to Bank of America on August 17, 2011.  (Ex. 2.)  Bank of America filed a motion to quash that subpoena, which this Court granted on October 28, 2011.  (Ex. 3.)  Centrify served a second subpoena on Bank of America on November 7, 2011.  (Ex. 4.)

Quest and Centrify conducted an in-person meet-and-confer on November 16, 2011 in a good faith attempt to resolve this dispute.  Tom Friel of Cooley LLP, lead counsel for Quest, met in person with Ed Anderson of Sidley Austin LLP, lead counsel for Centrify.  Cooley attorneys Orion Armon, Brian Eutermoser, and Mark Schafer participated by telephone.  Sidley attorneys Aseem Gupta and Ryan Sandrock also participated by telephone.  Centrify refused to withdraw its subpoena to the Bank, thereby necessitating this motion for protective order.

**III.    LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure allows a party or any person from whom discovery is sought to move for a protective order to curtail or forbid discovery.  A party may seek a protective order under Rule 26(c) if its own interests will be jeopardized by discovery sought from the third party.  *See, e.g.*, *G.K. Las Vegas Ltd., LP v. Simon Property Group, Inc.*,

No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007) ("A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties...").

## IV. ARGUMENT

Centrify served a subpoena on Bank of America on November 7, 2011—more than two months after the September 1, 2011 fact discovery deadline in the underlying litigation. (See Exs. 1 and 4.) The Court should enter a protective order forbidding Centrify from taking Bank of America's deposition because the November 7 subpoena is untimely.

Courts in this district recognize that Rule 45 subpoenas constitute discovery requests that are subject to court-imposed discovery limits. *Mortgage Information Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002) ("[T]he Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.").

Centrify's subpoena to Bank of America should not be allowed to proceed because it was served more than sixty days too late. Under similar circumstances, this Court previously quashed a Rule 45 subpoena because it was not served and utilized within the time period permitted for discovery in the case. *Karagiannopoulos v. Lowell*, No. 3:05-CV-401-FDW-DCK, 2008 WL 948261, at * (W.D.N.C. Apr. 2, 2008) (granting motion to quash subpoena because it was served after the close of the fact discovery period). A protective order forbidding the Bank of America deposition is warranted under the same rationale that the *Karagiannopoulos* Court applied—Centrify intentionally ignored the discovery order in the underlying litigation by serving an untimely subpoena. *Id*.

3

Entry of a protective order is especially appropriate here because Centrify's problems are self-inflicted. Centrify served a timely subpoena on Bank of America in August 2011, but it was overly broad and unduly burdensome, and this Court quashed it. (Ex. 3.) Centrify's overreaching is the cause of the difficulties Centrify now faces.

Centrify likely will argue that its deposition of Bank of America should be allowed to proceed because Quest earlier agreed to extend the discovery period in the California litigation to allow Centrify to take Bank of America's deposition. This argument misleads. Due to the frenzy of activity that accompanied the parties' efforts to close fact discovery by September 1, 2011, Centrify indicated that it needed a short amount of additional time (i.e., a few days or a week) to take the deposition of Bank of America on the <u>timely served</u> subpoena it issued on August 17, 2011. (Ex. 2.) As a professional courtesy, Quest indicated (1) that it would not argue that a later-filed motion to extend the discovery period was untimely because it was not filed by September 1, 2011, and (2) that it would not oppose "a short extension of the discovery period solely to depose Bank of America and if the extension does not unfairly prejudice Quest or affect other case deadlines." (Ex. 5.)

Quest's willingness to accommodate a deposition of Bank of America that would have occurred a few days after the close of the discovery period should not be misconstrued. Quest never agreed that Centrify could serve a new and untimely subpoena two months after the close of fact discovery. Quest merely indicated that it would not oppose a motion to extend the discovery period if the extension (1) was short, (2) did not unfairly prejudice Quest, and (3) did not affect other case deadlines. Centrify's new subpoena fails to satisfy *any* of these conditions. Centrify never filed a motion for leave to extend the discovery period with the California Court,

and the 60+ day extension of the fact discovery period that Centrify needs to depose Bank of America now would unfairly prejudice Quest and severely impact the litigation schedule. Opening expert reports are due in the underlying litigation on November 23, 2011—less than one week from today—and rebuttal expert reports are due on December 19, 2011. (Ex. 6.) Dispositive motions are due shortly thereafter in mid-January 2012. (Ex. 1.) If the Bank of America deposition proceeds, the experts may have to revise their reports to take this new fact discovery into account, and the parties will have to re-serve expert reports on infringement and damages issues, which will necessitate an extension of the expert discovery period and postponement of the dispositive motion deadline. These far-reaching schedule changes would unfairly prejudice Quest's ability to obtain timely resolution of the underlying litigation.

**V.    CONCLUSION**

Quest respectfully requests the Court to enter a protective order forbidding Centrify from taking the deposition of Bank of America. Centrify's subpoena is untimely and Quest would be unfairly prejudiced if the deposition occurs, because it would necessitate major changes to the schedule in the underlying litigation.

Respectfully submitted this 18th day of November, 2011.

/s/Albert P. Allan
Albert P. Allan
N.C. Bar No. 18882

ALLAN LAW FIRM, PLLC
409 East Boulevard
Charlotte, North Carolina 28203

(t) 704-371-5605
(f) 704-372-7411
(e) alallan@allaniplitigation.com

Of Counsel:

WAYNE O. STACY
(stacywo@cooley.com)
ORION ARMON
(oarmon@cooley.com)
BRIAN EUTERMOSER
(beutermoser@cooley.com)
COOLEY LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Defendant
Quest Software, Inc.